THERESA D. MEADE, as Administratrix of the Estate of CLAUDIUS A. MEADE, Deceased, Plaintiff, v. CITY OF NEW YORK, Defendant.

City Court of the City of New York, Special Term, New York County, July 1, 1948.

*Paul E. Fusco* for plaintiff.

*John P. McGrath, Corporation Counsel* (*Angela R. Parisi* of counsel), for defendant.

SCHIMMEL, J.  This is a motion under rule 113 of the Rules of Civil Practice for summary judgment in an action for salaries allegedly owing from the defendant City of New York to the plaintiff's intestate.

The latter was employed in a department of the City of New York at an annual salary.  He was a regular employee in the competitive class of the civil service.  On August 31, 1946, he received written notice from the head of the department that charges had been preferred against him, and he was on that day suspended without pay.  He filed an answer and requested a hearing.  The hearing took place on October 22, 23 and 25, 1946.  He was found guilty of all charges and was dismissed.  Thereupon — the dismissal having been effected under subdivision 2 of section 22 of the Civil Service Law — he appealed under subdivision 3 of the same section to the municipal civil service commission, which on February 24, 1947, upheld the finding of guilty, but permitted his transfer to a similar position in another department.  After waiting from February 24, 1947, when the commission rendered its decision, to May 19, 1947, plaintiff's intestate was appointed to a position in another department.  He had not received any pay from the date of his suspension, August 31, 1946, to the date of his new appoint-

ment in another department, May 19, 1947, a period of eight months and eighteen days. The amount of unpaid compensation for that period is $1,870, which plaintiff seeks to recover in this action.

The case involves the construction of subdivision 3 of section 22 of the Civil Service Law.

It seems clear to me that the effect of the determination of the civil service commission was an affirmance of the finding of guilt made by the department in which plaintiff's decedent was employed and of his dismissal from that department. The commission said: '' While there is adequate evidence in the record to uphold the finding of guilty, and the Commission does uphold it, at the same time, the Commission, as a matter of discretion believes this employee is capable of satisfactory service in different surroundings, and, therefore, directs a modification of the penalty to the extent that the transfer of this employee to a vacancy in a similar title in another department be permitted.''

What the commission did was to exercise its *discretion* to permit the transfer of this employee to a vacancy in another department; it could instead have directed that his name be placed upon a preferred list pursuant to section 31 of the Civil Service Law, but chose to permit his appointment to a similar vacancy in another department as soon as the same should occur. Certainly, if put upon a preferred list and required to await appointment, the plaintiff's decedent would not have been entitled to draw salary while inactive. Similarly, while waiting for a vacancy in another department he should not have had salary unless he were to be rewarded by a vacation with pay rather than penalized for the conduct which resulted in his dismissal from the department to which he had been originally assigned.

The significant sentence is subdivision 3 of section 22 of the Civil Service Law reads in part: '' The determination appealed from may be affirmed or modified and the civil service commission may, in its discretion, permit the transfer of such officer or employee to a vacancy in a similar position in another division or department or direct that his name be placed upon a preferred list pursuant to section thirty-one of this chapter.'' The parallel positions of the clause permitting the transfer to a vacancy in a similar position in another division or department and the clause permitting the employee's name to be placed upon a preferred list, indicate that whichever of these two clauses is applied the same result should follow, and that the dismissed employee is not entitled to be paid until he is re-em-

ployed. Plaintiff's decedent was in fact dismissed by his own department and such dismissal was affirmed by the civil service commission which, however, exercised its discretion to permit his re-employment in another department.

The statute empowers the commission to affirm or modify the departmental decision; and also, even though it has affirmed the findings of the department, to exercise its discretion and as a matter of favor or grace to the employee, to permit his re-employment in another department, or the placing of his name on a preferred list. To the exercise of that discretionary power of the civil service commission the employee is not entitled as a matter of right; and its use by the commission does not confer upon him the right to back pay.

It is conceded by the defendant that the period between the suspension of plaintiff's decedent on September 1, 1946, and his dismissal on November 26, 1946, exceeded thirty days, and that plaintiff's decedent was not paid for any part of that time. Plaintiff is therefore entitled to judgment for the pay which her decedent should have received from October 1, 1946, to November 26, 1946 (Civil Service Law, § 22, subd. 2), and she will have judgment accordingly. This will not be a partial judgment, but a disposition of the entire litigation. The defendant is granted judgment dismissing the complaint as to the balance over and above the sum which is concededly due to the plaintiff.